**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Anton J. Lazzaro,                                       Case No. 26-cv-51 (PJS/LIB)

          Plaintiff,

v.                                                              **REPORT AND RECOMMENDATION**

Ilhan A. Omar,

          Defendant.

---

Pursuant to a general assignment made in accordance with 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon review of Plaintiff's Complaint, [Docket No. 1]. For the reasons explained below, the Court recommends that this action be dismissed.

Plaintiff Anton J. Lazzaro, a federal prisoner, brings this action against defendant Ilhan A. Omar, a federal congresswoman. Because Lazzaro is a prisoner seeking relief from a governmental official, his complaint is subject to preservice review. See 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences

in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff raises three claims in this action. In Count One of the Complaint, Plaintiff raises a federal-law claim of retaliation in violation of the First Amendment. (See Compl. [Docket No. 1] ¶¶ 70-75). In Counts Two and Three, Plaintiff raises state-law claims of defamation. (See Id. ¶¶ 76-87).

Because Plaintiff is seeking relief from a federal official due to alleged violations of constitutional rights, his claim in Count One can only proceed if it falls within the cause of action made available by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See generally Davis v. Passman, 442 U.S. 228 (1979) (recognizing Bivens cause of action against congressperson for violation of Due Process Clause of the Fifth Amendment). "A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." Buford v. Runyon, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). But not every alleged constitutional violation is actionable under Bivens, and among those claims that has expressly been excluded from falling within the Bivens cause of action are claims of First Amendment retaliation. See Egbert v. Boule, 596 U.S. 482, 498 (2022) ("We also conclude that there is no Bivens cause of action for Boule's First Amendment retaliation claim."); Fiorito v. Drummy, No. 22-cv-923 (PJS/TNL), 2023

WL 4052639, at *4 (D. Minn. June 16, 2023). A litigant simply cannot proceed on <u>Bivens</u> claims of First Amendment retaliation.

This leaves only Plaintiff's claims of defamation. Plaintiff does not allege that the Court has original jurisdiction over these claims—for example, there is no reason to believe that the parties are of diverse citizenship. Only if the Court exercised supplemental jurisdiction over the defamation claims could those claims go forward at this time. <u>See</u> 28 U.S.C. § 1367. Where all claims over which the Court has original jurisdiction have been dismissed prior to trial, however, it is generally appropriate to not exercise supplemental jurisdiction over any remaining state-law claims. <u>See</u> <u>Hervey v. County of Koochiching</u>, 527 F.3d 711, 726-27 (8th Cir. 2008).

It is therefore recommended that Counts Two and Three of the complaint be dismissed without prejudice for lack of jurisdiction. By contrast, Count One of the complaint for First Amendment retaliation should be dismissed with prejudice, as the Court has jurisdiction over this claim and, in light of <u>Egbert</u>, Plaintiff cannot plausibly amend his complaint to state a viable claim for relief under <u>Bivens</u>.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.  This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b) as follows.

2.  Count One of the complaint be **DISMISSED with prejudice**.

3.  Counts Two and Three of the complaint be **DISMISSED without prejudice**.

Dated: January 12, 2026                         s/Leo I. Brisbois
                                                Hon. Leo I. Brisbois
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).